**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 11-610 |
| | : | |
| v. | : | |
| | : | |
| STEVEN RODRIGUEZ | : | |

**MEMORANDUM**

**Savage, J.**                                                              **September 7, 2021**

Defendant Steven Rodriguez filed a motion for relief under 28 U.S.C. § 2255,[1]

asserting that his prior drug offense did not qualify as a predicate offense under the Armed

Career Criminal Act.  Relying upon *United States v. Mathis*, 136 S. Ct. 2243 (2016), he

argues that because his sentence was improperly enhanced, he should have been

sentenced to five years, not ten, in prison.  Opposing the petition, the government

contends it is time-barred and *Mathis* is not applicable to his case.

After pleading guilty to two counts of distribution of cocaine base (crack) within 100

feet of a school and one count of distribution of 28 grams or more of crack, Rodriguez

was sentenced to a prison term of 120 months, the mandatory minimum sentence based

on his having had a prior felony conviction.  Final judgment was entered on May 24, 2013,

the day following his sentencing.

Because Rodriguez did not appeal, his conviction became final when the time for

filing an appeal expired.   *Kapral v. United States*, 166 F.3d 565 (3d Cir. 1999).

Accordingly, his conviction became final on June 7, 2013, fourteen days after judgment

---

[1] Rodriguez filed two petitions raising the same issue. Pursuant to our Order, he filed his second petition using the Court's standard form.  We treat them as one.

was entered on May 24, 2013.  Rodriguez did not file his § 2255 petition until October 19, 2017.

The statute of limitations for filing a federal *habeas* petition is one year.  The period begins running from the latest of the following dates: (1) the date that "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;" (2) the date on which an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;" (3) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) the date on which the factual predicate of the "claim or claims presented could have been discovered through the exercise of due diligence."   28 U.S.C.§2255(f)(1)-(4).

Rodriguez invokes the newly-recognized-right provision, § 2255(f)(3), and the newly-discovered-evidence provision, § 2255(f)(4).  Neither provision affords him relief.

Rodriguez offers no new evidence.  Nor does he hint at any.  Consequently, § 2255(f)(4) does not apply.

Rodriguez fares no better on his invocation of the newly-recognized-right provision in § 2255(f)(3).  He claims he is entitled to relief under the Supreme Court's decision in *Mathis*.  *Mathis* did not announce a new rule of constitutional law made retroactive by the Supreme Court.  *Mathis* reaffirmed Supreme Court precedent.  *See e.g., Dimott v. United States,* 881 F.3d 232, 237 (1st Cir. 2018), *cert. denied*; *Holt v. United States,* 843 F.3d 720, 722 (7th Cir. 2016); *Dawkins v. United States,* 829 F.3d 549, 551 (7th Cir. 2016).

Even if *Mathis* had recognized a new right triggering the one year limitations period under § 2255(f)(3), Rodriguez's petition would still fail as untimely. *Mathis* was decided on June 23, 2016. Rodriguez did not file his § 2255 petition until October 19, 2017, almost 16 months later. Thus, his petition under § 2255(f)(3) is time-barred.

The defendant's conviction was entered May 24, 2013. Because he did not appeal, the conviction became final on June 7, 2013, the last day to file a direct appeal. *Moshier v. United States*, 402 F.3d 116 (2d Cir. 2005). His *habeas* petition was filed more than four years after his conviction became final. Therefore, because it was not filed within one year, the petition under § 2255(f)(1) is time-barred.